By the Court.—Curtis, Ch. J.
The agreement and specifications between plaintiffs and defendant, for building the houses, called for the architect’s certificate. The agreement provides that the plaintiffs will "well and sufficiently erect and finish the new buildings . . . agreeably to the drawings and specifications ... in a good workmanlike and substantial manner, *258 to the satisfaction and under the direction of the architect, to be testified by a writing or certificate under the hand of the architect.” And again, it requires that the payments for said buildings should be made in certain instalments, each to be paid when certain parts of the work was finished, provided, that in each of the said cases a certificate shall be obtained and signed by the architect, certified by him to that effect.
The specifications provide that all the work is to be done in the neatest and best workmanlike manner, subject to the approval and superintendence of the architect, whom the owner appoints for that purpose.
No certificate from Mr. Waring, the architect, was obtained by plaintiffs, who claimed that such certificates were waived by defendant.
The plaintiffs having thought proper to enter into a contract with the defendant, making the production of the architect’s certificate a condition precedent to the payment, are as much bound by that obligation as by any other (Smith Brady, 17 N. Y. 176 ; Glamais v. Black, 50 Id. 148). No such certificate was ever obtained, nor does it appear that any application was ever made to the architect for it.
The plaintiff relies upon a waiver by the defendant of the certificate. Certain conversations with the defendant are testified to by the plaintiff, Haden. But nothing was said by the defendant in these conversations, directly or indirectly, tending to show that he waived his right to the production of the architect’s certificate, if he chose to insist upon it. His expressions that he was pleased with the work, or dissatisfied with the architect, or that he wanted to have plaintiff release him from the payment of a loan the plaintiff had at a previous time made him of $1,000, as a condition of paying the balance on the contract in question, fail to create a waiver of this condition precedent, contained in the contract.
*259 It was justly considered by the court at the trial, that the payments made by the defendant without demanding the architect’s certificate established no more' than that, as respects these payments, the defendant did not choose to rely upon any legal defense he might have to the contract. Such payments of some of the installments without the production of the certificate, cannot operate as. a waiver of the final certificate upon the completion of the work (Barton v. Hermann, 11 Abb. Pr. N. S. 378).
The judgment appealed from should be affirmed, with costs.
Speie, J., concurred.